JOHN A. GRAY, RESPONDENT, *v.* SAMUEL W. GREEN
AND OTHERS, APPELLANTS.

*Special Term—power of, to stay proceedings upon and modify a judgment of the General Term.*

A judgment was entered in this action upon a decision of the General Term, allowing the plaintiff to redeem a certain contract therein described, upon payment of the sum of $15,000, within sixty days from the entry of such judgment, with interest from September 10th, 1874, and costs. Subsequently, upon plaintiff's application, an order was made at Special Term staying all proceedings on the part of the defendants under the judgment until the hearing and decision by the Court of Appeals of an appeal by the plaintiff, and extending the time to redeem until sixty days after such decision of the Court of Appeals.

Upon an appeal from this order, *held,* that the Special Term had power to make it, and that it should be affirmed.

APPEAL from an order of the Special Term granting a stay of proceedings upon a judgment, made at General Term in this

action, until the decision of the Court of Appeals on an appeal from such judgment. The decision of the General Term in this case will be found in 12 Hun, at page 598.

*Jno. A. Burrill*, for appellant.

*Mr. Dickerson*, for respondent.

Ingalls, J.:

The order appealed from provides: " It is ordered that all proceedings on the part of the defendants herein, under and upon the aforesaid judgment be and the same are hereby stayed until the hearing and decision of the Court of Appeals upon the plaintiff's appeal to that court from the judgment herein. And that the time for the said plaintiff to redeem the contract and judgment in said General Term judgment, and to pay the money thereby required to be paid on and for such redemption be, and the same is, hereby extended until sixty days after such decision of said Court of Appeals upon said appeal, provided that said appeal be taken and perfected within twenty days after this order and the entry of judgment herein." The judgment entered pursuant to the decision of the General Term allowed the plaintiff to redeem the said contract on the payment within sixty days from the entry of such judgment, of the sum of $15,000, with interest from the 10th day of September, 1874, and the costs.

The plaintiff perfected his appeal within the period specified in the order, but will be unable to procure the decision of the Court of Appeals within the time allowed by the judgment for such redemption. We are of the opinion that the special term had the power to make the order in question. The General and Special Term each constitute a department of the same court. Yet in some particulars the jurisdiction is concurrent, and it is a little difficult to define the exact boundary between the two jurisdictions. The following decisions, we think, sustain the position that the special term possessed the authority to make the order. (*Ayres* v. *Covill*, 9 How., 573.) In that case the court at Special Term set aside a judgment of the General Term entered upon default, and the order was approved. (See also *Disbro* v. *Dis-*

bro, 37 How., 147; *In the opening of Seventh avenue*, 29 How., 180; *Tracy* v. *Talmadge*, 1 Abb., 461; *Hart* v. *The Mayor of Albany*, 3 Paige Chy., 381; *Sherwood* v. *Hooker*, 1 Barb. Chy. Rep., 650; *Sixth av. R. R. Co.* v. *Gilbert E. R. R. Co.*, 3 Abb., N. C., 53.) The decisions to which reference is made apply to cases both before and since the adoption of the Code.

The exercise of this authority by the Special Term should be restrained within proper limits, to preserve the harmony of the judicial system. The Special Term should not be allowed to review a decision of the General Term upon a question upon which the latter court had pronounced absolute judgment. As the Supreme Court is at present constituted, there is little danger to be apprehended in that particular, as a sense of propriety and respect for the due administration of justice, is quite sufficient to deter a judge at Special Term, from attempting to interfere, improperly, with the proceedings of the General Term. The only enquiry which remains is, whether the order in question must be considered as necessarily involving a review of any material portion of the judgment of the General Term, so as to be obnoxious to the objection made in this respect by the respondent.

Upon the argument, my first impression was, that the order was objectionable, but further reflection has removed that impression. The judgment remains unchanged in regard to the amount to be paid, and the specified time within which payment is required to be made. The only effect of the order is to stay the running of that time until the decision of the Court of Appeals. In other words, it is a mere stay of proceedings during that period, granted upon a motion where all parties have been heard and when without such stay the right of review would be without any practical benefit to the plaintiff, or at least would greatly endanger all his rights under the judgment. Suppose a judgment of the General Term directs the delivery of the possession of premises within a specified period to a party, and an appeal 'is taken therefrom, or some other proceeding is instituted to obtain relief, can it be doubted but that, upon motion, a Special Term would, independent of any statute, have power to grant a stay of proceedings and thereby prevent such delivery of possession. The exercise of such authority, at times, becomes absolutely indis-

pensible to preserve material interests, before a General Term could be reached. We do not perceive wherein any material injury will accrue to the defendants by the delay; while to the plaintiff it is very essential to enable him to review the judgment. Such right of review should be facilitated rather than obstructed.

If any reasonable doubt exists in regard to the order of the Special Term, we would favor a modification of the judgment, so as to fix the time within which such redemption shall be made, at sixty days after the decision of the Court of Appeals. Such modification is within the power of this court to make upon this appeal. We conclude, however, that the order should be affirmed for the reasons assigned.

BRADY, J., concurred; DAVIS, P. J., concurred, but without costs.

Order affirmed without costs.